UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 13-50225 |
| | ) | Chapter 7 |
| TARA MAE LORAINE MITTELSTAEDT | ) | |
| aka Tara Mae Loraine Schultz | ) | DECISION RE: |
| SSN/ITIN xxx-xx-4152 | ) | UNITED STATES TRUSTEE'S |
| | ) | MOTION TO DISMISS FOR ABUSE |
| Debtor. | ) | |

The matter before the Court is the United States Trustee's Motion for Summary Judgment with respect to his pending Motion to Dismiss for Abuse. This is a core proceeding under 28 U.S.C. § 157(b)(2). This decision and the accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, the United States Trustee's motion will be granted.

I.

In his Statement of Uncontested Material Facts in Support of Motion for Summary Judgment (doc. 36-1), the United States Trustee identified the following uncontested material facts:[1]

1. Debtor commenced her case by filing a voluntary chapter 7 Petition on August 2, 2013.

2. With the Petition and Schedules, on August 2[,] Debtor filed the required [Chapter 7 Statement of Current Monthly Income and Means-Test Calculation] (Form B22A). Debtor's Form B22A[ ] determined Debtor and her non-filing spouse had "monthly disposable income under § 707(b)(2)" of $2,010.87. Accordingly, Debtor correctly determined on her Form B22A that "the presumption [of abuse] arises."

3. On Schedule I, after allowance of all claimed expenses[,] Debtor listed net monthly disposable income of $1,667.30.

4. Neither Debtor nor her non-filing spouse, as demonstrated by Debtor's Schedules and Statement of Financial Affairs, suffers from any medical

---

[1]The United States Trustee's citations to the record have been omitted.

conditions which would inhibit Debtor or her non-filing spouse's employment as described in Debtor's originally filed Schedule I.

5. After the filing of her Petition, Debtor's non-filing spouse voluntarily retired from his position with the military and relocated to Florida. The non-filing spouse's retirement resulted in a substantial decrease in income.

6. After the filing of her Petition, Debtor voluntarily terminated her employment in South Dakota and moved with her non-filing spouse to Florida. Debtor's relocation to Florida resulted in a substantial decrease in income.

7. Debtor and her non-filing spouse's termination of their employment and relocation to Florida resulted in a significant negative net monthly income.

8. Debtor did not allege any "special circumstances" on Line 56 of her Chapter 7 Statement of Current Monthly Income and Means-Test Calculation.

In her Statement of Genuine Issues of Material Facts and Response to U.S. Trustee's Statement of Uncontested Material Facts (doc. 39-3), Debtor indicated she did "not take issue with [the] U.S. Trustee's Statement of Uncontested Material Facts, except to state that the special circumstances that exist in this case are . . . based upon . . . a decrease [in] her household income." Debtor, however, identified what she believed to be two genuine issues of material fact, to wit, "Debtor's household size" and "[w]hether the adjustment to Debtor's [f]amily's income caused by her husband's retirement from the military after 20 years of military service and her quitting a job to move to Florida with her husband, so he [could] be close to his children, [was] necessary and reasonable."

With respect to the former, neither party made an issue of Debtor's household size in their respective briefs. With respect to the latter, whether Debtor's spouse's decision to retire and Debtor's decision to terminate her employment and move to

Florida constitute "special circumstances" within the meaning of 11 U.S.C. § 707(b)(2)(B) is a matter of statutory interpretation and is thus a question of law. Indeed, as discussed below, it is the very question the Court is being asked to answer.

II.

**Summary judgment.** Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d

1202, 1211 (8th Cir. 1995)).  The nonmovant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations.  *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

**Dismissal for abuse.**  Pursuant to 11 U.S.C. § 707(b), "the court . . . may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of . . . chapter [7]."  11 U.S.C. § 707(b)(1).  The Court must presume abuse if the debtor's current monthly income,[2] less the debtor's monthly expenses,[3] multiplied by 60 is not less than the lesser of:  (1) 25% of the debtor's nonpriority unsecured claims or $7,475, whichever is greater; or (2) $12,475.  11 U.S.C. § 707(b)(2)(A)(i).

"[T]he presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in

---

[2] With one exception not applicable in this case, a debtor's current monthly income is "the average monthly income from all sources that the debtor [and the debtor's spouse receive] during the 6-month period ending on . . . the last day of the calendar month immediately preceding the date of the commencement of the case[.]"  11 U.S.C. § 101(10A).

[3] A debtor's monthly expenses include "the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief," 11 U.S.C. § 707(b)(2)(A)(ii)(I); "the actual administrative expenses of administering a chapter 13 plan," 11 U.S.C. § 707(b)(2)(A)(ii)(III); other amounts not relevant in this case, 11 U.S.C. § 707(b)(2)(A)(ii)(II), (IV), and (V); "[t]he debtor's average monthly payments on account of secured debts," 11 U.S.C. § 707(b)(2)(A)(iii); and "[t]he debtor's expenses for payment of all priority claims," 11 U.S.C. § 707(b)(2)(A)(iv).

-4-

the Armed Forces[.]"  11 U.S.C. § 707(b)(2)(B)(i).  The statute does not define "special circumstances."  However, "[t]he statutory examples of serious medical conditions and active military service, although not exhaustive, are instructive of the kinds of 'special circumstances' that would justify deviations from Form B22C under the principle of *ejusdem generis*."  *In re Hanks*, 362 B.R. 494, 502 (Bankr. D. Utah 2007).

> Under the statutory interpretation canon of *ejusdem generis*, a court is to limit the sphere of permissible "special circumstance[s]" to one[ ]s having such similar traits and characteristics.  This interpretive doctrine, meaning literally "of the same kind," holds that a court is to interpret legislatively provided examples of a specific nature as typical of the general category covered.

*In re Castle*, 362 B.R. 846, 851 (Bankr. N.D. Ohio 2006) (citing *U.S. v. Parson*, 955 F.2d 858, 869 n.15 (3rd Cir. 1992)).  Generally speaking, special circumstances are circumstances beyond a debtor's reasonable control.  *In re Delunas*, Bankr. No. 06-43133, 2007 WL 737763, at *2 (Bankr. E.D. Mo. Mar. 6, 2007) (citation omitted).

The debtor bears the burden of proving special circumstances.  *In re Braathun*, Bankr. No. 07-00771, 2011 WL 1299605, at *4, n.2 (Bankr. S.D. Iowa Apr. 4, 2011).  That burden is substantial:  "Although this presumption may be rebutted, § 707(b) goes on to set this bar extremely high, placing it effectively off limits for most debtors."  *In re Haar*, 360 B.R. 759, 760 (Bankr. N.D. Ohio 2007).  Put another way, "[r]ebutting the presumption of abuse requires circumstances that are truly special."  *In re Kowal*, Bankr. No. 12-82897, 2013 WL 5442018, at *3 (Bankr. D. Neb. Sep. 27, 2013).  To find special circumstances, "the Court must be able to conclude that the Debtors have no reasonable alternative."  *In re Rieck*, 427 B.R. 141, 146 (Bankr. D. Minn. 2010) (internal quotation marks and citation omitted).

If the presumption of abuse does not arise or is rebutted, the Court may nevertheless dismiss the case for abuse if the debtor filed the petition in bad faith, 11 U.S.C. § 707(b)(3)(A), or if "the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse," 11 U.S.C. § 707(b)(3)(B).

III.

In this case, the parties agree the presumption of abuse arose. The *only* issue presented is thus whether Debtor's spouse's decision to retire and Debtor's decision to terminate her employment and move to Florida constitute "special circumstances" within the meaning of 11 U.S.C. § 707(b)(2)(B). This is not a difficult issue. Debtor's spouse *chose* to retire.[4] Debtor *chose* to terminate her employment. Debtor and her spouse *chose* to move to Florida. As the United States Trustee noted in his brief, this is "the polar opposite of the requirement that special circumstances arise from issues beyond the debtor's control."

Debtor's circumstances are of her own doing and are thus not even remotely "of the same kind" as a debtor with a serious medical condition or a debtor who has been called or ordered to active duty in the armed forces. *See*, *e.g.*, *In re Urban*, 432 B.R. 302, 305 (Bankr. D. Wyo. 2010) (debtor's non-filing spouse's decision to quit his job and learn a new trade not special circumstances); *In re Hernandez*, Bankr. No. 08-31588, 2008 WL 5441279, at *5 (Bankr. N.D. Ohio Dec. 1, 2008) (debtor's voluntary decision to reduce the number of hours she worked to spend more time with her

---

[4] In an affidavit offered in support of Debtor's objection to the United States Trustee's motion for summary judgment, Debtor's spouse affied, "Given my rank, retirement would have been mandatary [*sic*] . . . in [13] months." Debtor does not suggest her spouse's decision to retire when he did was anything other than his choice.

-6-

children not special circumstances); *In re Tranmer*, 355 B.R. 234, 251 (Bankr. D. Mont. 2006) (debtors' desire to live wherever they wanted not special circumstances).

Debtor has not demonstrated special circumstances and thus has not rebutted the presumption of abuse. "To hold otherwise . . . would open the door to a plethora of potential claims of 'special circumstances' by debtors seeking to make voluntary changes in their lifestyle." *Hernandez*, 2008 WL 5441279, at *5.

IV.

There is no genuine dispute as to any material fact, and the United States Trustee is entitled to judgment as a matter of law on his claim for relief under 11 U.S.C. § 707(b)(2).[5] The Court will therefore enter an order granting the United States Trustee's Motion for Summary Judgment. Debtor did not request an opportunity to convert her case to chapter 13 in the event the Court granted the United States Trustee's motion. Consequently, her case will be dismissed.[6]

Dated: February 28, 2014.

BY THE COURT:

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[5]In light of this conclusion, the Court does not reach the question of whether the United States Trustee is entitled to summary judgment on his alternative claim for relief under 11 U.S.C. § 707(b)(3).

[6]The Court recognizes Debtor may be able to file a petition for relief under chapter 7 in Florida, and given the time that has passed since she terminated her employment, her financial situation may now be such that the presumption of abuse will not arise in any such case. However, that will be for another court to determine.

-7-